# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

VICTOR MANUEL VALLE-LASSALLE,
    Petitioner,

                                                    Civ. No. _____

v.

                                                    (Crim. No. 97-284-JAF)

UNITED STATES OF AMERICA,
    Respondent.

_____/

## MEMORANDUM OF LAW IN SUPPORT OF
## PETITIONER'S MOTION UNDER 28 USC § 2255

**TO THE HONORABLE COURT:**

**NOW COMES,** The Petitioner, Victor Manuel Valle-Lassalle, pro se, and respectfully moves this Court to file a "Protective Motion to Vacate, Set Aside or Correct His Sentence" pursuant to 28 USC § 2255. Rather than seeking a ruling on the motion at this time, the Petitioner requests that this Court hold the Petitioner's Motion in abeyance pending the Supreme Court or First Circuit Court's resolution of when a new rule of constitutional law has been "made retroactive to cases on collateral review by the Supreme Court". In support thereof, he states:

Title 28 of the United States Code, subsections 2255 provides, pursuant to the Anti-Terrorism and Effective Death Penalty Act [AEDPA] that a motion under Section 2255 may be brought within one year from: "(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review": or "(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 USC § 2255.

In the instant case, the Petitioner Valle-Lassalle was sentenced on September 6, 2001. He did not file a direct appeal and no § 2255 motion has been previously filed. This, however, does not preclude relief in this case. This motion is based on the new announcement of the United States Supreme Court in *United States v. Booker*, 543 US ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and various claims of ineffective assistance of trial counsel, based on his attorney's failure to appeal the terms of his sentence and the sufficiency of the evidence at plea and sentencing hearing, and that the plea was not voluntary under the totality of circumstances.

Thus, Section 2255(3) merely requires that Petitioner's motion be made within one-year of the *Booker* decision. See *Dodd v. United States*, ___ US ___, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005). What is unclear is whether the new rule of constitutional law first announced in *Apprendi v. New Jersey*, 530 US 466 (2000), secondly clarified in *Blakely v. Washington*, 542 US 296 (2004); and subsequently applied to the Federal Sentencing Guidelines in *United States v. Booker*, 543 US ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), has been "made retroactive to cases on collateral review by the Supreme Court".

With respect to the requirement of retroactivity, the Petitioner is aware of *Cirilo-Munos v. United States*, 404 F.3d 527 (1st Cir. 2005), where the First Circuit states that since the Supreme Court has not declared *Booker* to be retroactive to cases on collateral review, and that; "If such a vast reopening of final judgments is required, it must await a decision of the Supreme Court", Id. at 533. The question of when the new rule of constitutional law (announced by *Apprendi*, *Blakely* and *Booker*) has been "made retroactively applicable to cases on collateral review" is currently before the Supreme Court: See *Clark v. U.S.*, S.Ct. Case Number 05-5491.

Therefore, to take advantage of this new right, the Petitioner must file his § 2255 petition within one-year of it's announcement according to *Dodd*, supra. Not filing within a year of its announcement would bar the Petitioner from seeking relief based on *Booker*, should it be held to be retroactive in the future. Petitioner's § 2255 motion will have been timely files, because it was

2

placed in the prison mail system for delivery to this Court on or before January 12, 2006. (*Booker* was decided January 12, 2005). See Dodd v. United States, ____ US ____, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005).

Once the Supreme Court, or the First Circuit decided the question of retroactivity, the Petitioner will file a supplemental memorandum of law in support of his motion to vacate, set aside or correct his sentence pursuant to 28 USC § 2255. Until then, the Petitioner respectfully asks this Honorable Court to hold his motion in ***abeyance***.

In addition to the above, the Petitioner respectfully submits that his motion is timely filed under 28 USC § 2255(4), which allows petitioners to file its motion within one-year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence".

Based on the foregoing, and to comply with the Procedural Rules of Section 2255 as well as to properly preserve his *Apprendi/Booker* issue for the future, the Petitioner respectfully requests that this Honorable Court adjudicate the following issues of law, to wit:

1) Whether Petitioner's sentence should be vacated because it was enhanced based on facts that were not established in the plea colloquy or admitted by the Petitioner?;

2) Whether Petitioner's guilty plea was unconstitutional where Petitioner's plea was involuntary and coerced and therefore in violation of the due process of law due to the misrepresentation of counsel";

3) Whether Petitioner was provided with inadequate assistance of counsel where counsel [and the government] failed to disclose to the Court at the Rule 11 hearing that Petitioner's plea was linked to his mother and sister's pleas?;

4) Whether Petitioner was provided with ineffective assistance of counsel where counsel failed to file a Notice of Appeal to appeal the term of his sentence and the sufficiency of the evidence at the Rule 11 and sentencing hearings?

## CONCLUSION

Wherefore, Petitioner Valle-Lassalle respectfully requests that this Honorable Court holds his motion in abeyance pending a decision from the Supreme Court.

Respectfully Submitted,

*Victor Valle*
Mr. Victor M. Valle-Lassalle, Pro Se[*]
# 16115-069 I-Unit
Federal Correctional Complex-USP-1
P.O. Box 1033
Coleman, Florida 33521-1033

## CERTIFICATE OF SERVICE

I, Victor M. Valle-Lassalle, Petitioner in pro se, hereby certify that a true and correct copy of Petitioner's foregoing MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION UNDER 28 USC § 2255 has been mailed, postage pre-paid to the following:

by placing same in the Institutional's legal mail box for forwarding which pursuant to the doctrine of *Houston v. Lack*, 101 L.Ed.2d 345 (1988) is deemed filed on this 26th Day of December, 2005.

Respectfully Submitted,

*Victor Valle*
Mr. Victor M. Valle-Lassalle, Pro Se
# 16115-069 I-Unit
Federal Correctional Complex-USP-1
P.O. Box 1033
Coleman, Florida 33521-1033

---

[*] Assisted by Paralegal Inmate.